So, I think we're ready to go, and Madam Clerk, let's call the first case. In re Solano, Jose R. Solano, Appellant in Pro Se, Larry Rothman, Counsel for Applebees, Orange Kangaroo, LLC. Okay, why don't we take appearances. Okay, go ahead and tell me your name. Jose Solano, Appellant. Okay, and you want to reserve some time? For rebuttal? For rebuttal, about five minutes. About five minutes, okay. All right, go ahead. We're going to get an appearance from Mr. Rothman. Go ahead. Yeah, good morning, Your Honors. Larry Rothman for the Appellee, and I apologize for not being on video, but I had eye surgery yesterday. Okay. And it bandaged up. Okay, well, I hope you're doing well. Okay, so I'm sorry. Thank you, Your Honors. Okay, you bet. Okay, so five minutes for rebuttal. Okay, you may proceed. Okay, thank you, Your Honors. This case arises from a bankruptcy court that was trying to seek protection from a civil action in a lawful detainer case. Through discovery in the unlawful detainer case, we discovered that the respondent did not purchase the property, nor did they have title to the property. So, based on this fact, even though it presented to the court in a lawful detainer court, they ignored my pleadings and issued a judgment in favor of the respondent. Now, I was seeking bankruptcy protection to figure out how I could adjudicate this case based on the abuse of discretion from the court. Upon doing so, the respondent filed a motion to leave the state. Judge Zorzullo pretty much violated my bankruptcy rights by, one, lifting a statement where the transcript showed, I informed the court that the repellent did not have proof of purchase and they do not have title to the property. He also ignored my pleadings by focusing more on discussing a case he had co-authored with a pending case. Mr. Zorzullo went to extreme prejudice to deny me also the 14-day stay. He checked off on box to deny me that and further went to check off box number 14 where he states, and I quote here, it is for the order that moment it is authorized to regain possession of a moment's property pursuant to the ruling in reference to Smith, despite the finding of this and any other bankruptcy petition. So, he pretty much stopped me without even considering my pleadings. And if you look at the transcripts, he did not even, he just said, okay, thank you and no consideration whatsoever. So, Mr. Solano, I have a question.  So, you started this argument with telling us that there had been an unlawful detainer action in State Corp that had proceeded. Yes. And it had proceeded to a judgment. Yes. Did you appeal the judgment? I am in the process of doing so, yes. So, there has not been a final determination on the appeal? No, no. And the unlawful detainer action was commenced by Orange Kangaroo? Yes. And it was based upon their claim that they had ownership of the property and a trustee's deed? Yes. And that is what you challenged in front of the State Corp? I did. And it was based upon the judgment that the bankruptcy court found that there was a colorable claim for the lender, for Orange Kangaroo? Right, despite, in fact, in the unlawful detainer action, you are allowed to challenge the trustee's deed upon sale and the court ignored. I had seven pleadings. They were all denied and so on. Well, you also, didn't you, removed the unlawful detainer action at some point to the district court? I did. And the district court remanded it back to the unlawful detainer court? Yes. And you also removed the unlawful detainer action to the bankruptcy court, and the bankruptcy court didn't take any action? Right, because I filed an action to recuse the judge for her actions. Okay. Now, in the interim, there has been a writ of possession, a writ of issuance that could be executed at any time. So, okay, I'm sorry. Okay, so Judge Gisolo did not ask the respondent if there were any, had any merit or anything of sort. He ignored my opposition, denied me due process. In fact, Mr. Gisolo made no findings of fact in his ruling, which is required to do so. So I have five issues I want to bring up. The first one, again, as I mentioned earlier, under federal rules procedure, a contested motion for relief from the state requires a federal rules of bankruptcy procedure, 7052, that the court take evidence and issues findings of fact and conclusions of law, which he did not. The court ignored the acquittal when a possession of interest in the property, continued possession of property by utilities, activating and challenging the title, and for the evoked protection under 11 U.S.C. 362. And the Ninth Circuit has ruled that, has held that when the debtor's mere possessions of real property is protected, interest under the automatic state. I'm going to tell you here, I think the rule is a little bit different. I don't know what case you're citing, but NRA Pearl generally stands for the proposition that the mere possession of property is not significant for automatic state purposes. So if you want to go ahead and make your next point, go ahead and do that. Yeah, okay. Well, that's the research I found. Okay, I appreciate it. Okay, three, the order was entered while my motion to cancel the trustee upon sale was pending and unresolved. That motion directly challenged my claim title, and the court's decision to proceed without resolving it was premature and prejudicial. Point number four, the court waived the 14-day stay under FRB 4001, allowing immediate eviction and creating irreparable harm and practices, in mootness to my appeal. The Supreme Court has held that preservation of the status quo is essential to meaningful appellate review. And finally, the bankruptcy court denied my motion for stay pending appeal, without issuing any fines of analysis of fact. The court's failure to make a finding of state of irrational for its ruling constitutes a reversible error. As I mentioned before, there is an active writ of possession, and may be evicted any time for a property that the respondent did not either purchase or have title to. Again, my plea went unheard. The record lacks the factual and legal foundation necessary to support relief from stay. Accordingly, this panel should reverse the order and demand proceedings consistent with law and due process. Thank you. Okay, thank you. Any questions? No. Okay, you can reserve the rest of the time to respond to Mr. Ropin, if you like. Okay. Okay, okay. Thank you so much. Okay, yes, go ahead. Yeah, relax for a minute. Okay, Mr. Ropin, can you hear us? Perfectly. Your Honors, I didn't hear anything in the appellant's argument that was in addition to what he had set forth in his brief. So with that, Your Honor, I would not add anything. Okay. Anyone on the panel want to ask Mr. Ropin a question? Well, Mr. Ropin, he asserts that you didn't have a valid sale. Can you explain why you believe the sale resulted in a valid transfer of title to your client? Because it was a foreclosure sale. And he's basically challenging it that it was an invalid money because of what the documents that set forth just showed a copy of a cashier's check and not an actual cashier's check itself. And that not only in the remand order, but in a judgment when he sued the orange kangaroo in district court, the chief judge, Dolly Gee, ruled in the final judgment in the district court that his complaint was dismissed without leave to amend. That orange kangaroo had title. I apologize, Your Honor, the anesthesia is still kind of affecting my ability to speak. Well, take your time, okay? You've got 15 minutes. Take your time. And with that, Your Honor, that is the reason that I believe. And all of that occurred prior to the relief from stay motion. These occurred and were brought forth in a request for judicial notice. I can't recall if it was in the relief from stay, but Mr. Solano had filed an adversary case also. And then also removed the case to judge in the Riverside, Judge Burnell, a district court judge, who claimed that in his removal to that claim that Judge Zorro didn't have jurisdiction to even rule in this, which came later. And based upon all of the judge's rulings that were subsequent and all of the rulings that occurred in this case and subsequent to this hearing, it seems that without a question that title was passed legally to orange kangaroo. And with that, Your Honor, I would submit. Okay, anybody have any further questions? The one question that I have, Mr. Rothman, is that the court said that there was relief from stay in this case and any subsequent bankruptcy case. What's the basis for granting the relief from the subsequent bankruptcy cases? Okay, in the subsequent bankruptcy, there was a request that Mr. Solano had filed a request that the relief was a subsequent motion by Mr. Solano. My memory's a little bit not as great as it should be, but I don't believe it's in the record that judges Zorro granted by himself in order that no additional relief would be granted to him. And I guess that would be construed to be that there would be no additional relief from stay. Maybe there was, but it would be it, but it may be construed to be to relief from stays for the same bankruptcy. I know that there was a whole bunch of notices of removals that were removed back. I think there was almost a Guinness Book of Record of removals in this case. Mr. Rothman, you moved for stay relief under D-1, 362 D-1. You didn't move for stay relief under 362 D-4, correct? Correct. And by the way, I'm glad you brought that up, Your Honor. I did not ask for an interim because the first time you can't. No, I'm not questioning that you did anything wrong. I'm just trying to make sure that to the extent that Judge Zirzolo may have granted more relief than you asked for, we may want to take a look at that. In other words, if he granted, yeah, if his order could be construed to have granted interim relief, that's not something you sought. I did not seek interim, and I don't believe you can the first time. Right. Okay. Also, your client was the owner of the property at that point? Yes. Well, they can't.  That's another reason why, right? I mean, secured lenders get to ask for D-4 relief. You have to be a secured lender. Yeah. Okay. Okay. Any other questions? None from me. Okay. All right. Thank you so much, Mr. Ropp. I hope your eyesight improves. Thank you, Your Honors. Okay. Thank you, Your Honor. Okay. And we're going to let Mr. Solano come up and have the last word. Okay? Thank you, Your Honor. Just a commentary on Mr. Rothman's comment regarding the district case. By the way, it's case 24-01587, Judge Dolly Gee. She did grant a ruling without relief to amend, but in her write-up, she had several causes of action that were dismissed with prejudice and others without prejudice. Yet she overall denied no relief to amend, granted no relief to amend, which is contradictory. That's grounds for appeal also. So that case, we did a motion for reconsideration. That's still pending. I just want to clarify that. So the case is still active. Okay. Anything else? That's it. Thank you. All right. Then the matter is submitted, and thank you for your good arguments for Mr. Rothman and Mr. Solano. And we'll do our best to get you a written decision as soon as we can. Thank you very much. Appreciate it. Thank you. Okay. You're welcome. Okay. Thank you, Your Honor. You bet. Thank you, Mr. Rothman.
judges: Lafferty, Gan, and Niemann